**EXHIBIT 5**

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This **ASSIGNMENT AND ASSUMPTION AGREEMENT** (this "**Agreement**"), dated March 31, 2020 (the "**Effective Date**"), is entered into by and between **STOCKACCESS HOLDINGS SAS**, a private French company with its registered address at 12, Rue de La Chaussée D'antin, 75009, Paris, France ("**SAH**") and **FBNK Finance S.à r.l.**, a Luxemburg limited liability company (société à responsabilité limitée) registered at 1, Côte d'EichL-1450 Luxembourg ("**FBNKF**"). SAH and FBNKF may be referred to herein individually as a "**Party**" and collectively as the "**Parties**."

**WHEREAS**, as of February 14, 2020, Parties entered a Loan Agreement (the "**Loan Agreement**"), under which FBNK granted a loan to SAH in the amount of EUR 20,700,000 (the "**Loan**");

**WHEREAS**, according to Clause 4.1. of the Loan Agreement SAH wishes to terminate the Loan Agreement by completing the full repayment of the Loan and Interest by means of transferring the certain assets to FBNK;

**WHEREAS**, as of March 23, 2020 Parties entered Addendum Agreement to the Loan Agreement, where they specified the list of assets that could be used as a form of repayment of the Loan.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

**Section 1. <u>Assignment and Assumption of Rights</u>**. SAH hereby irrevocably transfers, conveys, assigns, and delivers to FBNKF all of SAH's rights, title, and interest in the following assets (the "**Assets**"):

(i) 407,550 shares of NEXWAY AG, a publicly traded German ecommerce services company (IBAN: DE000A2E3707, ticker code: NWAY.F),
(ii) 1,231.873 notional partnership interests (units) in OLMA FEEDER 1 LP,
(iii) 678,807 shares of THE NATIVE SA, a publicly traded Swiss ecommerce and digital media company (IBAN: CH0006326851, ticker code: NTIV.SW),
(iv) 2,285,067 Class C shares of P8H Inc., a Delaware corporation with its offices located at 107 Norfolk Street, 10002, New York, NY USA, and
(v) Loan Participation Notes issued by P8H in the amount of US$ 9,111,971.91 including accrued and unpaid interest.

FBNKF hereby accepts Assets assignment from the SAH and assumes any and all rights, title, and interest transferred, conveyed, assigned, and delivered in connection therewith.

**Section 2.   <u>Covenants</u>**.  Without further consideration,  SAH shall  execute and deliver to FBNKF such other instruments of transfer, conveyance, assignment, and confirmation, provide such materials and information and take such other actions as FBNKF may reasonably deem necessary or desirable in order to effectively transfer, convey, and assign to FBNKF, and to confirm FBNKF's title to the Assets, and, to the fullest extent permitted by law, to put FBNKF in

actual possession and operating control of the Assets and to assist FBNKF in exercising all rights with respect thereto.

**Section 3. Assignment Consideration**. In exchange for the completion of Assets assignment, FBNKF and SAH agrees to terminate Loan and to consider all principal and accrued but unpaid interest on the Loan as well as all other obligations due to or incurred by FBNKF fully repaid;

**Section 4. Governing Law**.  The interpretation and construction of this Agreement, and all matters relating hereto, shall be governed by the laws of the State of New York without reference to its conflict of laws provisions.

**Section 5. Severability**.  In the event any provision of this Agreement is found to be void and unenforceable by a court of competent jurisdiction, the remaining provisions of this Agreement shall nevertheless be binding upon the parties with the same effect as though the void or unenforceable part had been severed and deleted.

**Section 6. Counterparts**. This Agreement may be executed in two or more counterparts, all of which taken together shall constitute one instrument. An electronically transmitted signature or affirmation of execution shall constitute an original signature.

**Section 7. Agreement Supersedes**. This Agreement supersedes all prior and contemporaneous agreements and understandings between the parties hereto with respect to such subject matter.

**Section 8. Amendments**. This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by SAH and FBNKF.

*[Signature page follows.]*

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed, as of the day and year first written.



_____

Name:

Title: Manager

_____

Name: Marek Domagala

Title: Manager

**STOCKACCESS HOLDINGS SAS**

_____

Name: Norman Hansen

Title: President