**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
(973) 597-9119 (Fax)
Jonathan I. Rabinowitz
jrabinowitz@rltlawfirm.com
*Counsel to Defendant FBNK Finance S.a.r.l.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>P8H, INC., d/b/a PADDLE 8,<br><br>                                   Debtor. | Case No. 20-10809 (smb)<br><br>Chapter 11 |
| MEGAN E. NOH, in her capacity as the Chapter 11 Trustee of P8H, INC., d/b/a PADDLE 8,<br><br>                         Plaintiff,<br><br>v.<br><br>FBNK FINANCE S.a.r.l.,<br><br>                         Defendant. | Adv. No. 20-01211 |

### ANSWER OF DEFENDANT FBNK FINANCE S.a.r.l.

Defendants, FBNK Finance S.a.r.l. (the "Defendant"), for its Answer to the Complaint filed by Megan E. Noh, Chapter 11 Trustee (the "Plaintiff") in the above captioned adversary proceeding, alleges as follows:

### NATURE OF ADVERSARY PROCEEDING

1.      The Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint as same contains the Plaintiff's summary description of the nature of the Complaint which contains legal conclusions for which no response is required.

## JURISDICTION AND VENUE

2.      The Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint as same contain legal conclusions for which no response is required.

3.      The Defendant neither admits nor denies the allegations contained in Paragraph 3 of the Complaint as same contain legal conclusions for which no response is required.

4.      Pursuant to F.R.B.P. 7008, the Defendant does not consent to entry of final orders and judgments by the Bankruptcy Court in this adversary proceeding.

## PARTIES

5.      Admitted.

6.      The Defendant neither admits nor denies the allegations contained in Paragraph 6 of the Complaint as same contain legal conclusions for which no response is required.

7.      Admitted.

8.      The Defendant admits that it is a Luxembourg limited liability company, admits that it has appeared in the Debtor's bankruptcy case for the limited purposes of (i) protecting its rights in cash collateral, and (ii) purchasing certain assets from the Debtor, and denies the remainder of the allegation.

## PROCEDURAL BACKGROUND

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

## BACKGROUND FACTS

13.    The Defendant denies that the Debtor was formed in 2017, and admits the remainder of the allegations in Paragraph 13.

14.    The Defendant admits that a true copy of the Loan Agreement is attached to the Complaint as Exhibit 1, and states that the document speaks for itself.

15.    The Defendant admits that a true copy of the Note is annexed as Exhibit A to the Loan Agreement attached to the Complaint as Exhibit 1, and states that the document speaks for itself.

16.    Admitted.

17.    The Defendant admits that a true copy of the SAH Assignment Agreement is attached to the Complaint as Exhibit 2, and states that the document speaks for itself.

18.    The Defendant admits that a true copy of the HFC Letter is attached to the Complaint as Exhibit 3, and states that the document speaks for itself.

19.    The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and to the extent such allegation is implied, denies that any party was obligated to notify P8H of any assignment of the Loan Agreement, Term Loan or Note.

20.    Admitted.

21.    The Defendant admits that at some point in time SAH indirectly held shares of P8H, and neither admits nor denies the remainder of the allegations contained in Paragraph 21 of the Complaint as such allegations contain legal conclusions for which no response is required.

22.    Admitted.

23.    Admitted.

24.     The Defendant admits that a true copy of the FBNK Assignment Agreement is attached to the Complaint as Exhibit 5, and states that the document speaks for itself.

## CLAIMS FOR RELIEF

## COUNT 1

**(Declaration of the Lack of a Perfected Lien in Favor of FBNK Against Personal Property of the Debtor by Recording)**

25.     The Defendant repeats and realleges each and every preceding allegation as if fully set forth at length herein.

26.     The Defendant states that the certificate of good standing attached to the Complaint as Exhibit 6 speaks for itself.

27.     Admitted.

28.     The Defendant neither admits nor denies the allegations contained in Paragraph 28 of the Complaint as this paragraph contains legal conclusions for which no response is required.

29.     The Defendant neither admits nor denies the allegations contained in Paragraph 29 of the Complaint as this paragraph contains legal conclusions for which no response is required.

30.     The Defendant states that the provisions of Section 9-310(a) of the Delaware UCC and the New York UCC speak for themselves.

31.     The Defendant neither admits nor denies the allegations contained in Paragraph 31 of the Complaint as this paragraph contains legal conclusions for which no response is required.

32.     The Defendant states that the provisions of Section 544(a) of the Bankruptcy Code speak for themselves.

4

33.     The Defendant neither admits nor denies the allegations contained in Paragraph 33 of the Complaint as this paragraph contains legal conclusions for which no response is required.

34.     Denied.

35.     The Defendant neither admits nor denies the allegations contained in Paragraph 35 of the Complaint as this paragraph contains legal conclusions for which no response is required.

36.     The Defendant neither admits nor denies the allegations contained in Paragraph 36 of the Complaint as this paragraph contains legal conclusions for which no response is required.

37.     The Defendant neither admits nor denies the allegations contained in Paragraph 37 of the Complaint as this paragraph contains legal conclusions for which no response is required.

38.     Denied.

## **COUNT 2**

**(Declaration of the Lack of a Perfected Security Interest in Favor of FBNK by Possession or Control of Cash and Deposit Accounts by the Debtor)**

39.     The Defendant repeats and realleges each and every preceding allegation as if set forth at length herein.

40.     The Defendant admits that it acquired collateral rights in the assets identified in Paragraph 40 of the Complaint, denies the allegation that such acquisition was purported, and neither admits nor denies the remainder of the allegations contained in Paragraph 40 of the Complaint as such remainder contains legal conclusions for which no response is required.

41.      The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.      The Defendant neither admits nor denies the allegations contained in Paragraph 42 of the Complaint as this paragraph contains legal conclusions for which no response is required.

43.      The Defendant neither admits nor denies the allegations contained in Paragraph 43 of the Complaint as this paragraph contains legal conclusions for which no response is required.

44.      The Defendant neither admits nor denies the allegations contained in Paragraph 44 of the Complaint as this paragraph contains legal conclusions for which no response is required.

45.      The Defendant admits that neither the Defendant nor its predecessors had signatory authority or a written agreement with respect to any deposit account of PH8, and neither admits nor denies that neither the Defendant nor its predecessors took control of any deposit account for purposes of applicable law, as such allegation is a legal conclusion for which no response is required.

46.      The Defendant neither admits nor denies the allegations contained in Paragraph 46 of the Complaint as this paragraph contains legal conclusions for which no response is required.

47.      Admitted.

48.      The Defendant neither admits nor denies the allegations contained in Paragraph 48 of the Complaint as this paragraph contains legal conclusions for which no response is required.

49.     The Defendant neither admits nor denies the allegations contained in Paragraph 49 of the Complaint as this paragraph contains legal conclusions for which no response is required.

50.     Denied.

## COUNT 3

**(Declaration of the Lack of a Properly Enforceable Security Interest in Favor of FBNK Against Inventory, Accounts and Deposit Accounts of the Debtor)**

51.     The Defendant repeats and realleges each and every preceding allegation as if set forth at length herein.

52.     The Defendant neither admits nor denies the allegations contained in Paragraph 52 of the Complaint as this paragraph contains legal conclusions for which no response is required.

53.     The Defendant states that the provisions of the Security Agreement speak for themselves.

54.     The Defendant neither admits nor denies the allegations contained in Paragraph 54 of the Complaint as this paragraph contains legal conclusions for which no response is required.

55.     The Defendant states that the description of collateral in the Loan Agreement speaks for itself, and neither admits nor denies the remainder of the allegations contained in Paragraph 55 of the Complaint as this such remainder contains legal conclusions for which no response is required.

56.     The Defendant neither admits nor denies the allegations contained in Paragraph 56 of the Complaint as this paragraph contains legal conclusions for which no response is required.

57.   The Defendant neither admits nor denies the allegations contained in Paragraph 57 of the Complaint as this paragraph contains legal conclusions for which no response is required.

58.   Denied.

## COUNT 4

**(Avoidance of Alleged Lien of FBNK as Preference Under 11 U.S.C. § 547)**

59.   The Defendant repeats and realleges each and every preceding allegation as if set forth at length herein.

60.   Admitted.

61.   The Defendant neither admits nor denies the allegations contained in Paragraph 57 of the Complaint as this paragraph contains legal conclusions for which no response is required.

62.   The Defendant neither admits nor denies the allegations contained in Paragraph 57 of the Complaint as this paragraph contains legal conclusions for which no response is required.

63.   Admitted.

64.   The Defendant admits that the Transfer was made within one year preceding the Petition Date, and states that the remainder of this paragraph contains legal conclusions for which no response is required.

65.   The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.     The Defendant neither admits nor denies the allegations contained in Paragraph 66 of the Complaint as this paragraph contains legal conclusions for which no response is required.

67.     The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation of potential distributions in a hypothetical Chapter 7 bankruptcy case, and neither admits nor denies the allegations contained in Paragraph 67 of the Complaint as this paragraph contains legal conclusions for which no response is required.

68.     The Defendant neither admits nor denies the allegations contained in Paragraph 68 of the Complaint as this paragraph contains legal conclusions for which no response is required.

69.     The Defendant denies knowledge or information sufficient to form a belief as to the Trustee's intentions, and neither admits nor denies the remainder of the allegations contained in Paragraph 69 of the Complaint as such remainder contains legal conclusions for which no response is required.

## COUNT 5

### (Disallowance of Claims of FBNK Under 11 U.S.C. § 502(d))

70.     The Defendant repeats and realleges each and every preceding allegation as if set forth at length herein.

71.     The Defendant neither admits nor denies the allegations contained in Paragraph 71 of the Complaint as this paragraph contains legal conclusions for which no response is required.

72.     The Defendant neither admits nor denies the allegations contained in Paragraph 72 of the Complaint as this paragraph contains legal conclusions for which no response is required.

73.     The Defendant admits that it has not turned over the property transferred, and neither admits nor denies the remainder of the allegations contained in Paragraph 68 of the Complaint as such contain legal conclusions for which no response is required.

74.     Denied.

## FIRST AFFIRMATIVE DEFENSE

75.     The Complaint should be dismissed for failure to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

76.     The Complaint should be dismissed for lack of personal jurisdiction over the Defendant.

## THIRD AFFIRMATIVE DEFENSE

77.     The Plaintiff's claims should be dismissed as they are barred by setoff and recoupment.

## FOURTH AFFIRMATIVE DEFENSE

78.     To the extent transfers were made to the Defendant, some or all of the transfers are not avoidable to the extent that the Defendant provided new value to the Debtor.

## FIFTH AFFIRMATIVE DEFENSE

79.     To the extent any chapter 11 plan is confirmed and the claims set forth herein were not, or are not, adequately reserved in such plan, the claims set forth in the Complaint are barred by the doctrines of res judicata and/or judicial estoppel.

## SIXTH AFFIRMATIVE DEFENSE

80.     The Complaint should be dismissed based on the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

81.     The Complaint should be dismissed due to waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

82.     The Defendant reasonably relied upon the Debtor to file its UCC-1 statement in the proper jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

83.     The Debtor's property is subject to a constructive trust in favor of the Defendant.

### TENTH AFFIRMATIVE DEFENSE

84.     The Debtor acknowledged the perfection of the Defendant's security interest, which acknowledgment binds the Trustee.

### ELEVENTH AFFIRMATIVE DEFENSE

85.     Some or all of the cash in the Debtor's deposit account constitutes proceeds of the Defendant's collateral in which the Defendant is perfected.

### TWELFTH AFFIRMATIVE DEFENSE

86.     The Defendant holds a perfected security interest that is not subject to avoidance pursuant to 11 U.S.C. § 547(c).

### THIRTEENTH AFFIRMATIVE DEFENSE

87.     The Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

**WHEREFORE**, the Defendant demands judgment dismissing the Plaintiffs' Complaint with prejudice, denying all of the Plaintiffs' requested relief, granting the Defendant costs of suit, and granting such other relief as the Court deems just and equitable.

## JURY DEMAND

The Defendant demands a jury trial on all Counts and defenses in this action.

**RABINOWITZ, LUBETKIN & TULLY, LLC**
*Counsel to Defendant FBNK Finance S.a.r.l.*

By:    /s/ Jonathan I. Rabinowitz
          Jonathan I. Rabinowitz
          293 Eisenhower Parkway, Suite 100
          Livingston, New Jersey 07039
          (973) 597-9100
          (973) 597-9119 (Fax)
          Jonathan I. Rabinowitz
          jrabinowitz@rltlawfirm.com

DATED:  November 16, 2020