**PRYOR CASHMAN LLP**  
Richard Levy, Jr., Esq.  
7 Times Square  
New York, NY 10036-6569  
Tel: (212) 421-4100  
Fax: (212) 326-0806  
Email: rlevy@pryorcashman.com

*Counsel for Chapter 11 Trustee*  
*Megan E. Noh*

      -and-

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**  
Richard J. Corbi, Esq.  
1501 Broadway, 12th Floor  
New York, New York 10036  
Tel: (646) 571-2033  
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee*  
*of Unsecured Creditors of P8H, Inc.*

**Hearing Date and Time: TBD**  
**Objection Date and Time: TBD**

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>P8H, INC. d/b/a PADDLE 8,<br><br>                      Debtor. | Case No.: 20-10809 (SMB)<br><br>Chapter 11 |
| MEGAN E. NOH, Chapter 11 Trustee for P8H, Inc.,<br><br>                      Plaintiff,<br><br>        v.<br><br>FBNK FINANCE S.A.R.L.,<br><br>                      Defendant. | Adv. Pro. No. 20-1211 (SMB) |

**NOTICE OF FILING OF**  
**JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**  
**CREDITORS AND THE CHAPTER 11 TRUSTEE, MEGAN E. NOH, FOR**  
**<u>ENTRY OF AN ORDER ASSIGNING ADVERSARY PROCEEDINGS TO MEDIATION</u>**

1

**PLEASE TAKE NOTICE** that The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 bankruptcy case of P8H, Inc. d/b/a Paddle 8 (the "Debtor"), and Megan E. Noh, the Chapter 11 Trustee appointed for the Debtor (the "Trustee," and, together with the Committee, the "Movants"), filed a motion in the docket of the above-referenced Chapter 11 case on February 18, 2021, seeking the entry of an order assigning this adversary proceeding to mediation, along with two other pending adversary proceedings commenced by the Committee or the Trustee in the Chapter 11 case (the "Motion", Ch. 11 ECF No. 180).  A copy of the Motion is attached to this notice.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has not yet been scheduled.  The Movants will give notice of the hearing when the date is set by the Bankruptcy Court.

Dated: February 19, 2021
       New York, New York

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

By: /s/ Richard J. Corbi
    Richard J. Corbi
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee of Unsecured Creditors of P8H, Inc.*

-and-

**PRYOR CASHMAN LLP**

By: /s/ Richard Levy, Jr.
    Richard Levy, Jr.
7 Times Square
New York, NY 10036-6569
Tel: (212) 421-4100
Fax: (212) 326-0806
Email: rlevy@pryorcashman.com
*Counsel for Chapter 11 Trustee Megan E. Noh*

2

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**　　　Hearing Date and Time: TBD
1501 Broadway, 12th Floor　　　　　　　　　　　　　　Objection Date and Time: TBD
New York, New York 10036
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee*
*of Unsecured Creditors of P8H, Inc.*

　　　-and-

**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036-6569
Tel: (212) 421-4100
Fax: (212) 326-0806
Email: rlevy@pryorcashman.com

*Counsel for Chapter 11 Trustee Megan E. Noh*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| P8H, INC., d/b/a PADDLE 8, | |
| | Case No. 20-10809 (smb) |
| Debtor. | |

**JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS AND THE CHAPTER 11 TRUSTEE, MEGAN E. NOH, FOR ENTRY OF**
**AN ORDER ASSIGNING ADVERSARY PROCEEDINGS TO MEDIATION**

　　The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 bankruptcy case (the "Chapter 11 Case") of P8H, Inc. d/b/a Paddle 8 ("P8H", the "Company", or the "Debtor"), and Megan E. Noh, as the Chapter 11 Trustee appointed for the Debtor (the "Trustee," and, together with the Committee, the "Movants") hereby jointly move this Court (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**

(the "Proposed Order"), assigning to mediation three pending adversary proceedings that were commenced by the Committee or the Trustee in the Chapter 11 Case. In support of this Motion, the Movants respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H) and (O).

2. The predicates for the relief requested in this Motion are 11 U.S.C. § 105(a) and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and General Order M-452 of the Court, dated June 28, 2013 (the "General Order").

**BACKGROUND AND RELEVANT FACTS**

3. On March 16, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. The Debtor's first meeting of creditors under Section 341 of Title 11 of the United States Code (the "Bankruptcy Code") was convened by the United State Trustee on April 23, 2020 (the "341 Meeting"). At the 341 Meeting, the Debtor's then-last remaining board member and responsible person, Peter Rich, stated that he would not authorize the pursuit of any director and officer claims by or on behalf of the Debtor and its estate. Mr. Rich resigned from the Debtor's shortly after the 341 Meeting.

2

5. On April 30, 2020, the Court directed the appointment of a trustee in the Chapter 11 Case [ECF No. 36].

6. The Committee was appointed in the Chapter 11 Case on April 15, 2020 pursuant to section 1102(a) of the Bankruptcy Code by the United States Trustee for the Southern District of New York [ECF No. 23].

7. At a hearing on April 30, 2020, the Court "so ordered" the record of the hearing granting the Committee standing to commence an adversary proceeding on behalf of the Debtor's estate to seek relief against persons covered by the Company's directors' and officers' insurance policy ("D&O Insurance"). On May 1, 2020, the Court confirmed that relief by entering its *Order Authorizing the Committee to Commence Certain Claims and Causes of Action on Behalf of the Debtor's Estate* [ECF No. 37].

8. The Committee filed an adversary complaint against defendant Valentine Uhovski on May 1, 2020 [*Official Comm. of Unsec. Creds. v. Valentine Uhovski,* Adv. Pro. No. 20-01081; Adv. ECF No. 1], in order to preserve the right of the estate to seek the benefit of roughly $1 million of insurance under to the Debtor's insurance policy, which was set to expire at 10:00 p.m. (Eastern Standard Time) on May 1, 2020 (the "Committee D&O Action"). The Committee's complaint, filed in the status of a derivative suit, alleged, among other things, claims for breach of fiduciary duty and other wrongs. On May 28, 2020, the Court entered a consensual stipulation between the Committee and the Trustee regarding the prosecution of the action, entitled *Stipulation and Order Authorizing the Official Committee of Unsecured Creditors to Prosecute Certain Claims and Causes of Action on Behalf of the Debtor's Estate* [Adv. Pro. No. 20-01081, Adv. ECF No. 4].

3

9. On August 28, 2020, the Committee filed an amended complaint in the Committee D&O Action to add the additional defendants: Isabela Depczyk, Norman Hanson, Christopher Hsu, Peter Rich and Sergey Skaterschikov [Adv. Pro. No. 20-01081, Adv. ECF No. 17].

10. On August 26, 2020, the Trustee commenced an adversary proceedings against FBNK Finance S.a.r.l. ("FBNK"), as the holder of the right, title and interest as lender to the Debtor under a loan facility originally extended to the Company in early 2019 by Oakley Capital International AG ("Oakley"), which later assigned the loan to Stockaccess Holdings AG ("SAH"). FBNK acquired the interest in the loan from SAH in early 2020. The Trustee alleged claims seeking a declaratory judgment and other relief on the ground that, among other things, FBNK's alleged liens in assets of the Company were never properly perfected such that *all* assets of the Debtor are available to the Trustee and the Debtor's estate ("Estate") for administration in the Chapter 11 Case free and clear of such liens (the "Lien Avoidance Action") [*Megan E. Noh, as Chapter 11 Trustee v. FBNK Finance S.a.r.l.,* Adv. Pro. No. 20-01211, Adv. ECF No. 1].

11. On August 28, 2020, the Trustee commenced an adversary proceedings against John Textor and other parties including FBNK and its affiliate Digital Commerce Strategy AG, which was previously known as FaceBank AG ("Digital") [*Megan E. Noh, as Chapter 11 Trustee v. John Textor, et al.,* Adv. Pro. No. 20-01212, Adv. ECF No. 1 (the "Trustee D&O Action," and, together with the Committee D&O Action and the Lien Avoidance Action, the "Adversary Proceedings)]. The Trustee's complaint alleged, among other things, claims for breach of fiduciary duty and other wrongs

12. The Adversary Proceedings raise issues involving connected and related parties arising from the common nuclei of facts and occurrences, and seek to augment the Debtor's estate and provide greater recoveries to creditors. Since the filing of each action, the Trustee and the

4

Committee have pursued – and seek to resolve, through settlements or otherwise – the Adversary Proceedings on a cooperative, joint interest basis for the benefit of the Debtor's estate and stakeholders.

13. The Committee and the Trustee have jointly engaged in settlement discussions with counsel for all defendants in the Adversary Proceedings, and have made specific settlement proposals to several defendants, which have not resulted in resolutions of the claims against those persons or entities. The settlement discussions have gone on for a number of months without definitive resolution.

14. At the Committee's urging, the Trustee agrees that the actions should be sent to mediation to explore whether individual or global resolutions can be facilitated through the efforts of a neutral mediator in order to focus efforts on seeking a resolution of the proceedings instead of incurring additional legal expense. The Trustee and the Committee have proposed this course to all of the defendants, through their respective counsel.

15. On November 1, 2020, the Trustee voluntarily dismissed Mr. Textor from the Trustee D&O Action without prejudice, in exchange for his agreement to submit to mediation the claims and disputes. [Adv. Pro. No. 20-01212, Adv. ECF No. 10]. Another defendant, fuboTV, Inc., formerly known as FaceBank Group, Inc., also was dismissed without prejudice on the same day [*id.*, Adv. ECF No. 11].

16. On February 8, 2021, the Committee voluntarily dismissed Valentine Uhovski from the Committee D&O Action without prejudice, in exchange for his agreement to submit to mediation the claims and disputes. [Adv. Pro. No. 20-01081, Adv. ECF No. 44].

17. FBNK filed an answer in the Lien Avoidance Action. FBNK and Digital filed a motion to dismiss the claims against them in the Trustee D&O Action. The Trustee has reserved

5

the right to file amended complaints in both of those actions, pursuant to court-approved stipulations with the defendants that extended various procedural deadlines. FBNK and Digital have not specifically indicated whether they agree or disagree with the referral of those actions to mediation.

18.     Counsel for defendants Sergey Skaterschikov, Izabela Depczyk and Norman Hanson has not specifically indicated whether those parties agree or disagree with the referral of the action against their clients to mediation.

19.     The separate counsel for defendants Peter Rich and Christopher Hsu have indicated that those parties are amenable to considering possible mediation respecting claims against their clients, but have not specifically indicated whether they agree or disagree with the referral of the action against their respective clients to mediation.

### RELIEF REQUESTED

20.     By this Motion, the Movants request that: (i) the Court refer the Adversary Proceedings to mediation and, if possible, appoint a sitting (or recently retired) Bankruptcy Judge to mediate the issues involved in the Adversary Proceedings; and (ii) stay all pending deadlines in the Adversary Proceedings *sine die,* pending further order(s) of the Court.

### BASIS FOR RELIEF

21.     Local Rule 9019-1 of the Court governs the process for referring matters to mediation. The General Order, in turn, authorizes the Court to refer matters to mediation *sua sponte*, upon a motion by a party in interest or by stipulation. General Order ¶¶ 1.1-1.2. The scope of matters eligible for mediation under Local Rule 9019-1 and the General Order are broad, encompassing any adversary proceeding, contested matter or other dispute. General Order ¶ 1.3. Bankruptcy courts commonly refer parties to mediation to resolve disputes. In a number of recent

cases, courts have appointed a mediator to address various disputes arising in connection with the proceedings.

22.     The General Order provides that, after a matter is assigned to mediation, a seven-day period to select a mediator will begin, followed by mediation process as ordered by the mediator. General Order ¶¶ 2.2, 3.1, 3.2.

23.     Further, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enter orders that are necessary or appropriate to carry out the provisions of the Bankruptcy Code:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

24.     Since the conclusion of the successful sale of substantially all of the Debtor's assets earlier in this Chapter 11 Case, the Movants have been actively engaged in prosecuting the Adversary Proceedings and negotiating with the various defendants. As counsel for the Committee and the Trustee have informed the Court at prior hearings, the Movants have been working towards what was hoped to be a consensual mediation protocol to be presented to this Court to seek a mediated resolution of the Adversary Proceedings, which could lead to an early resolution not only of the Adversary Proceedings but also lead to resolution of the overall Chapter 11 Case. Indeed, this has been the path successfully pursued in other Chapter 11 cases. *E.g.*, In re Quiksilver, Inc., Case No. 15-11880 (BLS) (Bankr. D. Del.); In re LightSquared Inc., Case No. 12-12080 (SCC), Adv. No. 13-1390 (SCC) (Bankr. S.D.N.Y.); In re Longview Power, LLC, Case No. 13-12211

7

(BLS) (Bankr. D. Del.); In re Cengage Learning, Inc., Case No. 13-44106 (ESS) (Bankr. E.D.N.Y.).

25.     The Movants believe that a judicially appointed mediator will lead to a global resolution of the Adversary Proceedings paving the way for confirmation of a plan that pays a substantial dividend to all holders of allowed claims. The Movants also believe that the resolution of the matters would be effectively and economically addressed by mediation before a sitting Bankruptcy Judge (of this or any other District), and therefore request that such a referral be made as soon as possible. Movants understand that the Bankruptcy Judges of this and other Districts are busy; if no such referral is possible, Movants propose that the referral be made to a recently retired United States Bankruptcy Judge who continues to hear cases and proceedings on a recall basis. If such option is not available, Movants propose that the referral be made to a retired Bankruptcy Judge whose compensation rates, even when apportioned among the mediation parties, will not significantly deplete the assets of the Estate.

26.     Finally, in order to facilitate an effective mediation process while conserving court and party resources, Movants propose that all dates and deadlines in the Adversary Proceedings be stayed *sine die*, subject to further order(s) of the Court. The Court, as with all federal courts, has "inherent power" to enter such relief so as "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants …." Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).

## **NOTICE**

27.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the Sothern District of New York; (b) all parties that have filed a notice of appearance and request for service of papers in this Chapter 11 Case; and (c) each defendant or counsel for a defendant who was previously dismissed without prejudice from any of the Adversary

8

Proceedings. In light of the nature of the relief requested, the Movants submit that no other or further notice need be given.

28. Movants have been advised that, as a result of the retirement of Judge Stuart M. Bernstein, who has presided over the Chapter 11 Case from its inception, the Chapter 11 Case and the Adversary Proceedings will be reassigned to a newly appointed Bankruptcy Judge in the coming days. Movants have not yet obtained a hearing date, pending the official reassignment of this Chapter 11 Case, and will give notice of the hearing date to all parties identified in the preceding paragraph as soon as the hearing is scheduled.

## NO PRIOR REQUEST

29. No other or prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Movants respectfully requests entry of an order, substantially in the form of the Proposed Order, (a) granting this Motion, (b) stay all pending deadlines in the Adversary Proceedings *sine die*, and (c) granting such other and further relief as the Court deems just and proper.

Dated: February 18, 2021
       New York, New York

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

By: */s/ Richard J. Corbi*
    Richard J. Corbi
1501 Broadway, 12th Floor
New York, New York 10036
Telephone: (646) 571-2033
Email: rcorbi@corbilaw.com

*Counsel for the Official Committee of Unsecured Creditors of P8H, Inc.*

-and-

9

**PRYOR CASHMAN LLP**

By: */s/ Richard Levy, Jr.*
      Richard Levy, Jr.
7 Times Square
New York, NY 10036-6569
Tel: (212) 421-4100
Fax: (212) 326-0806
Email: rlevy@pryorcashman.com

*Counsel for Chapter 11 Trustee Megan E. Noh*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X
In re:                                                 :
                                                       :    Chapter 11
P8H, INC., d/b/a PADDLE 8,                             :
                                                       :    Case No. 20-10809 (smb)
                            Debtor.                    :
------------------------------------------------------ X

### ORDER GRANTING
### JOINT MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE CHAPTER 11 TRUSTEE, MEGAN E. NOH, FOR ENTRY OF AN ORDER ASSIGNING ADVERSARY PROCEEDINGS TO MEDIATION

Upon consideration of the *Joint Motion of the Official Committee of Unsecured Creditors and the Chapter 11 Trustee, Megan E. Noh, for Entry of an Order Assigning Adversary Proceedings to Mediation* (ECF No. ___) (the "Motion");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Local Bankruptcy Rule 9019-1 and General Order M-452 of the Bankruptcy Court dated June 28, 2013 (the "General Order"); and notice of the Motion being good and sufficient under the circumstances and no other or further notice need be given; and the Court having considered the Motion and any responses thereto; and any objections to the relief requested in the Motion having been either resolved or overruled; and after due deliberation thereon; and there being good and sufficient cause therefor, it is hereby

**ORDERED, as follows:**

1. The Motion is granted as set forth herein.

2. All pending deadlines in the Adversary Proceedings shall be stayed *sine die,* subject to further order of the Court.

3. Referral to Mediation. The Adversary Proceedings are referred to mediation

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to and in accordance with Local Bankruptcy Rule 9019-1, the General Order, and the Bankruptcy Court's Procedures Governing the Mediation of Matters and the Use of Early Neutral Evaluation and Mediation and Voluntary Arbitration in Bankruptcy (collectively, the "<u>Mediation Procedures</u>").

4. <u>Appointment of Mediator</u>. _____ is appointed as mediator for all issues involving or relating to the Adversary Proceedings in this Chapter 11 Case (the "<u>Mediator</u>").

5. <u>Matters Relating to the Conduct of the Mediation</u>.

A. Unless prevailing conditions have changed to a degree sufficient in the Mediator's reasonable determination to permit in-person mediation proceedings, the Mediation shall be conducted through Zoom or equivalent online audio-visual applications.

B. The Mediator shall, in his or her absolute discretion, determine whether to conduct the Mediation of the Adversary Proceedings through joint sessions or separate sessions.

C. The parties to the Mediation ("<u>Mediation Parties</u>") shall mediate in good faith.

D. Representatives of each Mediation Party with authority to negotiate a settlement must attend the Mediation.

e. The results of the Mediation are non-binding unless the Mediation Parties agree otherwise (or, in the absence of complete agreement, upon those Mediation Parties who agree to be bound).

6. <u>Confidentiality and Privileges</u>.

A. There shall be an absolute mediation privilege, and all written and oral communications made or submitted by or on behalf of the Mediation Parties in any medium during or in connection with the Mediation shall be confidential, protected from disclosure, and shall not constitute a waiver of any existing privileges and immunities. Such communications may not be disclosed to any third party for any reason other than in connection with the Mediation, as may be directed or permitted by the Mediator, and may not be used for any purpose other than for the Mediation.

7. <u>Report of Results of Mediation.</u> At the conclusion of the mediation, the Mediator, in accordance with the Mediation Procedures, shall file final report showing compliance or noncompliance with the requirements of the General Order by the Mediation Parties and a general statement of whether the Mediation was successful or unsuccessful. The results of the mediation will not be disclosed except in: (i) an action to enforce the provisions of any settlement reached during the Mediation; or (ii) in support of the remedies described in Paragraph 7 below.

8. <u>Remedies</u>. The sanctions available under Fed. R. Civ. 16(f) (made applicable by Fed. R. Bankr. P. 7016) shall apply to any violation of this Order and, except as modified herein, the provisions of the General Order shall apply to the Mediation.

9. <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall have jurisdiction to hear and determine any and all matters arising from or related to this Order.

Dated _____, 2021
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE